UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBRA SAUER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 14-cv-7191 ) |
| METHODIST HOSPITAL OF CHICAGO, *et al.*, | ) Judge John W. Darrah ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Debra Sauer filed a Second Amended Complaint against several Defendants, alleging various claims stemming from her involuntary commitment. Defendant Methodist Hospital has moved to dismiss the claims against them, Counts II, V, and VI, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. Count II alleges false imprisonment, Count V alleges intentional infliction of emotional distress, and Count VI alleges malicious prosecution.[1] For the reasons discussed below, Defendant's Motion to Dismiss [61] is granted.

**BACKGROUND**

On September 15, 2014, Plaintiff filed a twenty-three count Complaint against City of Chicago Police Officers, the City of Chicago, Methodist Hospital, Northwestern Memorial Hospital, multiple physicians, and a nurse for alleged injuries she suffered between September 15, 2012, and September 28, 2012. (Compl.) In her Complaint,

---

[1] Plaintiff was given leave to file a Third Amended Complaint. In her Third Amended Complaint, the counts brought against Defendant are: Count II, alleging false imprisonment; Count IV, alleging intentional infliction of emotional distress; and Count VI, alleging malicious prosecution.

Plaintiff alleges that, after being arrested, she was wrongfully admitted and involuntarily held at the hospital for psychiatric treatment. (Compl.) On September 16, 2014, Plaintiff filed an Amended Complaint, which contained the same allegations presented in her original complaint, in addition to a new allegation that a Methodist Hospital physician forced Plaintiff to take psychotropic drugs against her will. (Amend. Compl. ¶ 18.)

Furthermore, Plaintiff's attorney executed an affidavit, stating that he was unable to obtain a consultation with a healthcare professional prior to the date that the statute of limitations was set to expire. (*Id*. at 19.) By filing his affidavit in conjunction with the Complaint, 735 Ill. Comp. Stat. 5/2-622 gave Plaintiff a ninety-day extension to obtain the required consultation and file the 2-622 report. 735 Ill. Comp. Stat. 5/2-622. Plaintiff was required to file the 2-622 report on or before December 15, 2014. (Def. Br. at 2). On December 13, 2014, Plaintiff filed a Motion for an Extension of Time to file a 2-622 report, seeking an additional forty-five days. (Dkt. 9.) On January 12, 2015, Plaintiff filed a Motion for Extension of Time to serve Defendants. (Dkt. 12.) Those motions were granted, permitting Plaintiff to file a certificate of merit by a qualified healthcare professional by March 2, 2015. (Dkt. 14.) On February 12, 2015, Plaintiff filed a second Motion for Extension of Time to serve Defendants. (Dkt. 15.) That motion was granted, and Plaintiff was given until March 20, 2015. (Dkts. 17, 18.)

On March 19, 2015, Plaintiff filed a motion, seeking an additional extension of the deadline to file her 2-622 report. (Dkt. 28.) Defendant objected to Plaintiff's request for another extension on the 2-622 deadline. (Dkt. 35.) Plaintiff was given leave to file a 2-622 report by April 9, 2015. (Dkt. 42.) On April 9, 2015, Plaintiff voluntarily dismissed all named Defendant physicians, the nurse, Northwestern Memorial Hospital, and all counts alleging medical

malpractice and nursing malpractice. (Dkt. 44.) On April 10, 2015, Plaintiff filed a Second Amended Complaint against City of Chicago Police Officers, the City of Chicago, and Methodist Hospital. (SAC.) Plaintiff's claims against Methodist Hospital arise from the psychiatric and general health care and treatment she received from September 17, 2012, through September 28, 2012. (SAC, ¶¶ 13-20.) On May 1, 2015, Defendant Methodist Hospital filed the present Motion to Dismiss. (Dkt. 61.)

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). When evaluating a Rule 12(b)(6) motion, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

## ANALYSIS

*Counts II and V - Medical Malpractice Against Methodist Hospital*

Illinois law requires that Plaintiff provide an affidavit from a medical professional, stating that the action has merit, "[i]n any action, whether in tort, contract or otherwise, *in which the plaintiff seeks damages* for injuries or death by reason of medical, hospital, or other healing

3

art malpractice." 735 Ill. Comp. Stat. 5/2-622(a) (West 1994). Failure to provide that affidavit is grounds for dismissal on the pleadings. *See* 735 Ill. Comp. Stat. 5/2-622(g). Plaintiff argues that a 2-622 report is not required because its allegations do not involve the exercise of medical judgment. Rather, Plaintiff contends that her claims are based on the Defendant's failure to serve her with notices of court hearings, as required under 405 ILCS 5/3-611 of the Illinois Mental Health and Development Disabilities Code.

However, the statute requires an affidavit for any action in which Plaintiff seeks damages based on medical malpractice. Plaintiff's injuries, and thus the damages she is seeking, are largely based on medical malpractice. Courts analyze three factors in determining whether a complaint alleges medical malpractice: "(1) whether the standard of care involves procedures not within the grasp of the ordinary lay juror; (2) whether the activity is inherently one of medical judgment; and (3) the type of evidence that will be necessary to establish plaintiff['s] case." *Jackson v. Chicago Classic Janitorial & Cleaning Serv., Inc.*, 823 N.E.2d 1055, 1058 (Ill. App. Ct. 2005). Plaintiff alleges that she was "treated egregiously by staff and physicians, bordering on torture," in that: a male nurse claimed that Plaintiff had scabies and forced her to strip and shower, a doctor told her she would be released but then said that she would have to stay more time, she was forced to take psychotropic drugs against her will, and her eye condition was mistreated. (SAC ¶¶ 16-19.) An ordinary juror would not understand the treatment for scabies or for Plaintiff's eye condition. Nor would they be informed of the proper reasons for taking psychotropic medicine or for holding someone in a mental health facility. Further, all of these decisions are inherently ones of medical judgment and treatment. To prove that she was treated egregiously, Plaintiff would have to show what the proper course of treatment was and how Defendant's agents deviated from that course.

"Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with 2-622 before her action is dismissed with prejudice.'" *Sherrod v. Lingle*, 223 F.3d 605, 614 (7th 2000) (quoting *Cammon v. West Suburban Hosp. Med. Ctr.*, 704 N.E.2d 731, 739 (Ill. App. Ct. 1998)). However, Plaintiff has been given multiple chances and extensions to amend her Complaint to comply with 2-622. To the extent that Plaintiff seeks damages from her treatment at Methodist Hospital, she is required to have filed a 2-622 report. Since she failed to do so, Plaintiff cannot pursue those damages.

In contrast, whether Plaintiff was informed of her rights under the Mental Health Code, served with notice of her court dates, or given a copy of her Petition for Involuntary Admission, as required by the statute, is not an inherent medical decision. Nor does it require specialized knowledge or proof. Therefore, her claim of involuntary detainment without proper recourse to the statute does not require a 2-622 report. Illinois law requires that "[w]ithin 12 hours after [her] admission, the respondent shall be given a copy of the petition and a statement" of reasonable grounds to believe that respondent is in need of immediate hospitalization to protect themselves or others from physical harm. 405 Ill. Comp. Stat. 5/3-609 (citing 405 Ill. Comp. Stat. 5/3-606.) Further, the court holding the involuntary admission hearing is required to direct that "notice of the time and place of the hearing be served upon the respondent, his responsible relatives, and the persons entitled to receive a copy of the petition pursuant to Section 3-609." 405 Ill. Comp. Stat. 5/3-611.

A detention that is initially authorized under the Illinois Mental Health Code "may be followed by an unlawful detention that is actionable as false imprisonment." *Sassali v. DeFauw*, 696 N.E.2d 1217, 1220 (Ill. App. Ct. 1998). To the extent that Plaintiff's Second Amended

5

Complaint asserts that she was denied notice of hearings or a copy of the petition, she has stated a claim. To the extent that Plaintiff's claims allege damages solely from being involuntarily detained due to an alleged breach of statutory duty, she may proceed.

Defendant's Motion to Dismiss Counts II and V due to Plaintiff's failure to file a 2-622 report is granted with prejudice, insofar as they allege medical malpractice against Methodist Hospital. Defendant's Motion to Dismiss the remainder of Counts II and V is granted without prejudice.

*Count VI – Malicious Prosecution*

In Count VI of her Second Amended Complaint, Plaintiff alleges malicious prosecution against Methodist Hospital. (SAC ¶¶ 43-45.) Defendant asserts that Plaintiff has failed to sufficiently allege a claim for malicious prosecution. Plaintiff only alleges that Defendant failed to serve her with its Petition for Involuntary Admission, as well as notice of both September 18, 2012, and September 25, 2012 court dates. (Def. Br. at 4.)

The Seventh Circuit has established that "allegations that sound in malicious prosecution must be brought pursuant to state law." *Saunders-El v. Rohde*, 778 F.3d 556, 560 (7th Cir. 2015). Under Illinois law, a complaint charging malicious prosecution must allege that: "(1) the defendants commenced judicial proceedings, (2) for which there was no probable cause, (3) the proceedings were instituted or continued maliciously, (4) the proceedings were terminated in the plaintiff's favor, and (5) the plaintiff sustained an injury." *Id*. at 561 (citing *Sneed v. Rybicki*, 146 F.3d 478, 480-81 (7th Cir. 1998)). "The absence of any one of these elements bars a plaintiff from pursuing the claim." *Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (Ill. 1996).

6

As Defendant notes, Plaintiff does not allege any facts to give Defendant notice of who continued judicial proceedings against her, facts alleging that the judicial proceedings were initiated or continued maliciously, or that the proceedings were terminated in her favor. Plaintiff has failed to sufficiently plead her claim for malicious prosecution. Additionally, as discussed above, to the extent that Plaintiff's malicious prosecution allegations are based on medical malpractice, they are dismissed with prejudice. Defendant's Motion to Dismiss the remainder of Count VI is granted without prejudice.

## CONCLUSION

For the reasons set forth above, Methodist Hospital's Motion to Dismiss [61] is granted. Defendant's Motion to Dismiss Counts II, V, and VI, insofar as they allege medical malpractice against Methodist Hospital, is granted with prejudice. Count VI of Plaintiff's Second Amended Complaint is dismissed without prejudice. Plaintiff may file, within thirty days of this Order, an amended Complaint as to the allegations in Counts II and V other than those based on malpractice, as discussed above, and Count VI, if she can do so pursuant to Rule 11.

Date:    September 1, 2015

JOHN W. DARRAH
United States District Court Judge